IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JOSE J. VILLANUEVA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action Number:** |
| **vs.** | : | |
| | : | |
| **EL JINETE #2, INC., and JOSE** | : | |
| **JAVIER LOPEZ,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff Jose J. Villanueva.by and through the undersigned counsel, brings
this Complaint against Defendants El Jinete #2, Inc. ("El Jinete") and Jose Javier
Lopez ("Lopez") and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as
amended (29 U.S.C. § 201 *et seq*.), (hereinafter "the FLSA") (1) to receive
minimum wage for work weeks in which the employer failed to pay him minimum
wage and an additional like amount as liquidated damages; (2) to recover overtime

pay that was denied him and an additional amount as liquidated damages; and (3) to be reimbursed for his costs of litigation, including his reasonable attorneys' fees.

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because El Jinete is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

6.

Plaintiff resides within Cobb County, Georgia.

7.

El Jinete employed Plaintiff as a dishwasher in and around Roswell Georgia continuously from 2004 until January 7, 2013.

8.

At all times relevant to this suit, Plaintiff has been an "employee" of El Jinete as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about January 7, 2010 until January 7, 2013, Plaintiff  was "engaged in commerce" as an employee of  El Jinete as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

El Jinete is a corporation organized under the laws of the State of Georgia.

11.

At all times material hereto, El Jinete was an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

From on or about January 7, 2010 until January 7, 2013, El Jinete was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2010, El Jinete had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, El Jinete had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, El Jinete had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2013, El Jinete had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2010, El Jinete had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2011, El Jinete had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2012, El Jinete had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2013, El Jinete had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2010, El Jinete had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

22.

During 2011, El Jinete had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

23.

During 2012, El Jinete had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2013, El Jinete had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

At all times material hereto, El Jinete has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

26.

El Jinete is subject to the personal jurisdiction of this Court.

27.

El Jinete may be served with process through its Registered Agent, Daniel Fuentes, 412 Pine Ridge Court, Woodstock, Georgia 30188.

28.

Lopez resides within Fulton County, Georgia.

29.

At all times material hereto, Lopez exercised operational control over the work activities of Plaintiff.

30.

At all times material hereto, Lopez was involved in the day to day operation of the El Jinete restaurant in which Plaintiff worked.

31.

At all times material hereto, El Jinete vested Lopez with supervisory authority over Plaintiff.

32.

At all times material hereto, Lopez exercised supervisory authority over Plaintiff.

33.

At all times material hereto, Lopez scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

34.

At all times material hereto, Lopez exercised authority and supervision over Plaintiff's compensation.

35.

At all times material hereto, Lopez has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

36.

Lopez is subject to the personal jurisdiction of this Court.

37.

At all times relevant to this suit and while an employee of El Jinete, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

38.

At all times relevant to this suit and while an employee of El Jinete, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

39.

At all times relevant to this suit and while an employee of El Jinete, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

40.

At all times relevant to this suit and while an employee of El Jinete, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

41.

At all times relevant to this suit and while an employee of  El Jinete, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. §  213.

42.

At all times relevant, El Jinete paid Plaintiff on an hourly basis.

43.

At times between January 7, 2010 and January 7, 2013, Defendants paid Plaintiff in cash.

44.

At other times between January 7, 2010 and January 7, 2013, Defendants paid Plaintiff by payroll check.

45.

Defendants regularly prepared documentation of Plaintiff's work hours in a workweek (hereafter "time sheets") which misrepresented and undercounted the number of hours that Plaintiff actually worked.

46.

Defendants required Plaintiff, as a condition of his employment, to sign his name to the time sheets.

47.

At all times relevant, Plaintiff worked approximately seventy-five hours during each workweek.

48.

Defendants failed to pay Plaintiff for all hours that he worked.

49.

Defendants failed to pay Plaintiff the overtime compensation required by the FLSA.

50.

Defendants regularly paid Plaintiff at a regular hourly rate that was below the minimum wage required by the FLSA

51.

Defendants provided Plaintiff with a false social security number.

52.

Defendants required Plaintiff, as a condition of his employment, to acquiesce to the use of a false social security number

53.

Defendants caused money to be withheld from Plaintiff's wages that Defendants attributed to this false social security number.

54.

This money withheld from Plaintiff's wages and attributed to the false social security number was not withheld for the benefit of Plaintiff.

**COUNT I — FAILURE TO PAY MINIMUM WAGE**

55.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

56.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

57.

From on or about January 7, 2010 through January 7, 2013, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

58.

From on or about January 7, 2010 through January 7, 2013, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

59.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

60.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

61.

As a result of the underpayment of minimum wages, Defendants are liable to Plaintiff for her litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTME

62.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

63.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

64.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

65.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 7, 2010 through January 7, 2013.

66.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 7, 2010 through January 7, 2013.

67.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

68.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

69.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III – BREACH OF CONTRACT

70.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

71.

At all times material hereto, Plaintiff and El Jinete were parties to a contract of employment (hereafter "the Contract").

72.

The Contract provided that El Jinete would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

73.

Defendant's failure to pay Plaintiff for work performed after forty (40) hours in any week from on or about January 7, 2010 through January 7, 2013 constitutes a material breach of the Contract.

74.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT IV – QUANTUM MERUIT**

75.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

76.

At all times material hereto, Plaintiff served as a dishwasher for Defendant.

77.

Plaintiff's service as a dishwasher for El Jinete as described above was valuable to Defendant.

78.

El Jinete requested Plaintiff's service as a dishwasher.

79.

El Jinete knowingly accepted Plaintiff's service as a dishwasher.

80.

The receipt of Plaintiff's services as a dishwasher for El Jinete without compensation would be unjust.

81.

Plaintiff expected to be compensated at the time he provided his services as a dishwasher.

82.

Plaintiff is entitled to a recover from El Jinete the reasonable value of the services he provided as a dishwasher for Defendant, in an amount to be determined at trial.

## COUNT V - PROMISSORY ESTOPPEL

83.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

84.

At all times material hereto, El Jinete promised to pay Plaintiff in return for Plaintiff's service as a dishwasher.

85.

El Jinete should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a dishwasher for Defendant.

86.

El Jinete's promise induced Plaintiff to act in reliance thereof, i.e., to serve as a dishwasher for Defendant, to his detriment.

87.

Plaintiff's service as a dishwasher for El Jinete conferred a benefit on Defendant.

88.

El Jinete failed to pay Plaintiff in accordance with their promise.

89.

Plaintiff relied on Defendant's promise.

90.

Plaintiff's reliance on Defendant's promise was reasonable.

91.

Injustice can only be avoided by enforcement of Defendant's promise.

92.

Plaintiff is entitled to a recover from El Jinete the reasonable value of the services he provided as a dishwasher for Defendant, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1.    That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about January 7, 2010 through January 7, 2013 due under the FLSA, plus an additional like amount in liquidated damages;

2.    As to Count II, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3.     That Plaintiff have and recover judgment against Defendants for the pendent

       State claims herein asserted in amounts to be proved at trial;

4.     That Plaintiff be awarded costs of litigation, including his reasonable

       attorneys' fees from Defendants; and

5.     For such other and further relief as the Court deems just and proper.

                         Respectfully submitted,


                                        DELONG CALDWELL BRIDGERS
                                        & FITZPATRICK, LLC

                                        /s/CHARLES R. BRIDGERS
                                        CHARLES R. BRIDGERS
                                        GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET                     /s/ KEVIN D. FITZPATRICK, JR.
ATLANTA, GEORGIA 30303                  KEVIN D. FITZPATRICK, JR.
(404) 979-3171                          GA. BAR NO. 262375
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com           COUNSEL FOR PLAINTIFF